*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. B. HILL, Minor.

UNPUBLISHED
December 21, 2023

No. 365596
Wayne Circuit Court
Family Division
LC No. 2022-000305-NA

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child, ABH, under MCL 712A.19b(3)(a)(*ii*) (desertion of child for 91 or more days and custody not sought), (c)(*i*) (conditions of adjudication continue to exist), (j) (reasonable likelihood that child will be harmed if returned to parent), and (k)(*i*) (parent's abuse of child included abandonment).[1] We affirm.

## I. FACTUAL BACKGROUND

Respondent is the biological mother of ABH. In March 2022, petitioner filed a petition seeking temporary jurisdiction over ABH. The petition alleged respondent did not have an income or means to "provide adequate food, clothing, shelter, or medical care" for ABH. Further, respondent did not have a home and had been "bouncing from shelter to shelter." The petition also alleged respondent suffered from several mental health issues and failed to regularly take her medication.

The trial court held a trial and found jurisdiction over ABH as to respondent in May 2022. The court then ordered respondent to follow a treatment plan. Respondent was ordered to complete

---

[1] We note that, in her brief on appeal, respondent includes MCL 712A.19b(3)(a)(*i*) (child's parent is unidentifiable, has deserted child, and has not sought custody) as a ground for termination found by the trial court. However, this ground was found by the court in regard to ABH's "unknown unidentified biological father." Thus, we will not address MCL 712A.19b(3)(a)(*i*) and will address only the statutory grounds which were found against respondent.

parenting classes, attend individual counseling, complete a psychological evaluation, complete a substance abuse assessment, acquire and maintain a legal source of income, acquire and maintain adequate housing, attend visitations with ABH, and maintain contact with her caseworker. In December 2022, petitioner filed a supplemental petition seeking to terminate respondent's parental rights, alleging that respondent had neglected to care for ABH, respondent did not have suitable housing or income, respondent failed to complete her treatment plan, respondent never visited ABH, and respondent failed to maintain any contact whatsoever with petitioner or her foster care worker since April 2022.

In March 2023, a termination hearing was held, and the court concluded the termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (j), and (k)(*i*). The court also found the termination of respondent's parental rights was in ABH's best interests despite him being in a relative placement. The court subsequently entered an order terminating respondent's parental rights to ABH, and stated that "[r]easonable efforts were made to preserve and unify the family."

## II. STATUTORY GROUNDS

Respondent argues the trial court erred when it determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (j), and (k)(*i*). We disagree.

A trial court must find that at least one statutory ground for termination has been established by clear and convincing evidence in order to terminate a respondent's parental rights. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding the statutory grounds are reviewed for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation marks and citation omitted).

### A. MCL 712A.19b(3)(a)(*ii*)

A trial court may terminate parental rights under MCL 712A.19b(3)(a)(*ii*) if it finds by clear and convincing evidence that "[t]he child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period." Here, the last time respondent contacted ABH's foster care worker was in April 2022, and her current whereabouts are unknown. Respondent has not visited ABH once, nor has respondent indicated any interest in caring for or bonding with ABH during the course of the proceedings, which began in March 2022. Respondent also has not attended a single court proceeding since the first preliminary hearing in March 2022. Thus, we conclude that respondent has deserted ABH for more than 91 days and has not sought custody of ABH during that time. Therefore, the trial court did not err when it terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*).

Only one statutory ground needs to be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Therefore, termination of respondent's parental rights is appropriate based upon MCL 712A.19b(3)(a)(*ii*) alone. Nonetheless, the additional statutory grounds for termination will be addressed.

-2-

## B. MCL 712A.19b(3)(c)(*i*)

A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if it finds by clear and convincing evidence that, after 182 days or more have elapsed since the initial dispositional order was entered, "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Here, the initial dispositional order was entered in May 2022; thus, more than 182 days had elapsed before the trial court terminated respondent's parental rights in March 2023. We conclude that the conditions that led to adjudication continue to exist. Petitioner's initial petition against respondent alleged that respondent was homeless and did not have the means to care or provide for ABH. Additionally, respondent suffered serious mental health issues and did not consistently take her medication.

We conclude petitioner presented clear and convincing evidence that the conditions continue to exist, respondent did not rectify any of the conditions that led to the initial adjudication, respondent had been given reasonable opportunity to rectify those conditions, and there is no reasonable likelihood that respondent will rectify those conditions within a reasonable time. Respondent has failed to maintain contact with ABH's foster care worker since April 2022. Respondent similarly has failed to acquire suitable housing or income, and she has not completed any parenting classes or individual therapy sessions. Respondent's current whereabouts are unknown, and the last time she spoke to ABH's foster care worker, respondent had been moving between several homeless shelters. Further, there is nothing to support that respondent has addressed her mental health concerns or is regularly taking medication for her issues. Thus, we conclude the conditions which led to adjudication (respondent's homelessness, lack of income, and mental health concerns) have not been rectified. Based on respondent's failure to make any contact with ABH's caseworker since April 2022 or attend any court proceedings since March 2022 to update the court on her progress, we conclude there is no reasonable likelihood that respondent will rectify these conditions within a reasonable time. Thus, termination was appropriate under MCL 712A.19b(3)(c)(*i*).

## C. MCL 712A.19b(3)(j)

A court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Additionally, a court may evaluate the potential for the child to experience emotional harm, not just physical harm. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). Here, sufficient evidence was presented to find a reasonable likelihood that ABH would be harmed if placed in respondent's care. Again, respondent is homeless and does not have suitable housing to care for ABH. Respondent also failed to provide proof of a legal source of income and failed to visit ABH even once during the course of the proceedings. There is also no evidence that respondent attended any parenting classes, attended individual therapy, received treatment for her mental health issues, or consistently took her medication. Thus, we conclude respondent is unable to care for ABH and there is a reasonable likelihood that he will be harmed if returned to respondent's care. Therefore, termination was appropriate under MCL 712A.19b(3)(j).

### D. MCL 712A.19b(3)(k)(*i*)

A trial court may terminate parental rights under MCL 712A.19b(3)(k)(*i*) if it finds by clear and convincing evidence that the "parent abused the child or a sibling of the child [and] the abuse included . . . [a]bandonment of a young child." Again, petitioner presented evidence that respondent has not attended any court proceedings since March 2022 and has not indicated any desire to bond with or care for ABH. Respondent also did not attend a single visit offered to her with ABH. Respondent attended the first preliminary hearing in March 2022 and spoke to ABH's foster care worker in April 2022; thus, respondent was aware of the proceedings and efforts to terminate her parental rights. Because respondent has failed to (1) respond to any communication efforts by ABH's caseworker, (2) attend any court proceedings since March 2022, (3) attend any visits with ABH, or (4) express any interest in caring for ABH, we conclude respondent has abandoned ABH. Thus, termination was appropriate under MCL 712A.19b(3)(k)(*i*).

### III. REASONABLE EFFORTS TO REUNIFY FAMILY

Respondent argues that petitioner did not make reasonable efforts to reunify her with ABH. We disagree.

In order for a respondent to preserve an issue that petitioner failed to make reasonable efforts toward reunification, "the respondent must object or indicate that the services provided to them were somehow inadequate." *In re Atchley*, 341 Mich App 332, 336; 990 NW2d 685 (2022) (quotation marks and citation omitted). There is no indication in the record that respondent raised the issue of petitioner's failure to make reasonable efforts to reunify respondent and ABH in the lower court. Respondent addresses this issue for the first time on appeal. Raising an issue for the first time on appeal is prohibited, see *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020), unless this Court decides to address the issue in order to prevent manifest injustice, see *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). Thus, respondent's argument regarding reasonable efforts is unpreserved.

We "review unpreserved claims for plain error affecting substantial rights." *In re Sanborn*, 337 Mich App 252, 263 n 3; 976 NW2d 44 (2021) (citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Generally, petitioner must make reasonable efforts to rectify conditions that caused the child's removal so as to avoid termination of parental rights. *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). "Reasonable efforts to reunify the child and family must be made in *all* cases except those involving aggravated circumstances[.]" *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (quotation marks and citation omitted). Termination is premature when a respondent is "not afforded a meaningful and adequate opportunity to participate." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). The burden is on the petitioner to "ensure that appropriate services are provided." *In re Rood*, 483 Mich 73, 105; 763 NW2d 587 (2009).

Here, petitioner presented evidence that ABH's caseworker referred respondent to various services, including individual therapy, a psychiatric evaluation, a substance abuse assessment, parenting classes, and drug screenings, in both June 2022 and September 2022. ABH's caseworker

also made various efforts to contact respondent during the course of the proceedings but was unsuccessful. Respondent did not respond to any communications after April 2022 and did not appear at any court proceedings after March 2022. Respondent also was early terminated from the services offered to her for failing to attend. Thus, considering that respondent did not maintain any meaningful contact with petitioner and remained unreachable throughout the proceedings, we conclude the trial court did not err when it determined petitioner made reasonable efforts to reunify respondent and ABH.

## IV. BEST INTERESTS

We conclude the trial court did not clearly err when it determined that termination of respondent's parental rights was in ABH's best interests under MCL 712A.19b(5).

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. We review the trial court's findings and ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App at 264. "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (quotation marks and citation omitted).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (citation omitted). To determine whether termination of parental rights is in a child's best interests, the court should consider factors including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). The trial court may also consider the child's well-being while in care and the possibility of adoption. *Id*. at 714. Additionally, the court must consider "whether termination is appropriate in light of the [child's] placement with relatives[.]" *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Here, petitioner presented evidence that respondent never visited ABH and had not seen him since his birth. Respondent is not bonded to ABH, and she never expressed any interest in caring for him. Further, respondent is homeless and does not have suitable housing to care for ABH. Respondent also failed to provide proof of a legal source of income or to get treatment for her mental health issues. Respondent had since May 2022 to complete her treatment plan, and there is no evidence that respondent made any headway on any aspect of the plan.

Further, we conclude ABH's need for permanency and stability will best be met through adoption. ABH has lived with a maternal relative (respondent's cousin) since he was born; respondent's cousin has cared for ABH since the beginning of these proceedings and is willing to adopt him. Respondent did not attend any visits with ABH during the entire course of the proceedings and failed to express any interest in caring for him. Although placement with a relative generally weighs against termination, we agree with the trial court that termination is

necessary despite ABH's placement with a relative in order to provide him with permanency and stability. Thus, we conclude it is in ABH's best interests for respondent's parental rights to be terminated.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola